**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07012
(973) 596-4500

*Attorneys for Plaintiff*
*Aurinia Pharmaceuticals Inc.*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| AURINIA PHARMACEUTICALS INC., <br><br> Plaintiff, <br><br> v. <br><br> ZYDUS PHARMACEUTICALS (USA) INC.; ZYDUS LIFESCIENCES LTD., <br><br> Defendants. | Civil Action No. 25-2893 <br><br> *Document Electronically Filed* |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Aurinia Pharmaceuticals Inc. ("Aurinia") brings this Complaint for patent infringement against Defendants Zydus Pharmaceuticals (USA) Inc. and Zydus Lifesciences Limited., (collectively, "Zydus") and alleges as follows**:**

### NATURE OF THE ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, against Zydus. This action relates to Abbreviated New Drug Application ("ANDA") No. 220141 ("Voclosporin ANDA") filed by Zydus with the U.S. Food and Drug Administration ("FDA") for approval to market, manufacture, use, import, offer to sell, and/or sell generic versions of Aurinia's LUPKYNIS® (voclosporin) drug product ("generic voclosporin products") prior to expiration of Aurinia's U.S. Patent No. 10,286,036 ("the '036

patent") and U.S. Patent No. 11,622,991 ("the '991 patent"), that are listed in the *Approved Drug Products with Therapeutic Equivalence Evaluations* ("Orange Book") for LUPKYNIS®.

## THE PARTIES

2. Aurinia is a corporation organized and existing under the laws of Canada, having a principal place of business at #140, 14315 – 118 Avenue Edmonton, AB T5L 4S6 Canada.

3. Aurinia is a research-driven pharmaceutical company that discovers, develops, manufactures, and markets innovative products to improve health in patients with autoimmune diseases, including lupus nephritis.

4. On information and belief, Zydus Pharmaceuticals (USA) Inc. ("Zydus USA") is a corporation organized under the laws of New Jersey, having a principal place of business at 73 Route 31 N. Pennington, New Jersey 08534.

5. On information and belief, Zydus Lifesciences Limited ("Zydus Lifesciences") is a corporation organized and existing under the laws of India, having a principal place of business at Zydus Corporate Park, Scheme No. 63, Survey No. 536, Khoraj (Gandhinagar), Nr. Vaishnodevi Circle, S.G. Highway, Ahmedabad 382481, Gujarat, India. On information and belief, Zydus USA is a wholly owned subsidiary of Zydus Lifesciences. On information and belief, Zydus Lifesciences in concert with its subsidiary Zydus USA developed ANDA No. 220141.

6. On information and belief, Zydus is in the business of, among other things, manufacturing, marketing, and selling generic copies of branded pharmaceutical products throughout the United States, including in the State of New Jersey.

## JURISDICTION AND VENUE

7. Each of the preceding paragraphs 1–6 is re-alleged and re-incorporated as if fully set forth herein.

8. This action arises under the patent laws of the United States, 35 U.S.C. §§ 100, *et seq.*, including 35 U.S.C. § 271.

9. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1338(a).

10. On information and belief, Zydus Lifesciences and its subsidiary Zydus USA hold themselves out as a unitary entity where Zydus Lifesciences directs and controls its subsidiary in the manufacture, importation, offer for sale, sale, and distribution of generic products in the United States, including New Jersey. According to Zydus Lifesciences' 2023-2024 Annual Report, it "predominantly operates in the generics and specialty segments of the marker through its wholly-owned subsidiary Zydus Pharmaceuticals USA Inc." *Leap for Life Annual Report 2023-2024*, Zydus Lifesciences Limited, 71, https://www.zyduslife.com/investor/admin/uploads/14/2/2023-2024_1.pdf (last visited Apr. 17, 2025).

11. On information and belief, Zydus USA is an agent of Zydus Lifesciences and acts at the direction, and for the benefit, of Zydus Lifesciences, and is controlled and/or dominated by Zydus Lifesciences. For instance, on information and belief, Zydus USA is the U.S. Regulatory Agent for Zydus Lifesciences. Zydus USA's website explains: "Zydus Pharmaceuticals (USA) Inc. is the US generic drug division of a much larger company known as Zydus Lifesciences." *Your Life, Our Core*, Zydus Pharmaceuticals USA, https://zydususa.com/#:~:text=Zydus%20Pharmaceuticals%20(USA)%20Inc.,and%20in%20the%20United%20States (last visited Apr. 17, 2025).

12. This Court has personal jurisdiction over Zydus USA.

13. On information and belief, Zydus USA directly and/or indirectly through, and/or in concert with Zydus Lifesciences, has committed an act of infringement in this judicial district by

3

preparing, aiding in the preparation, and/or filing ANDA No. 220141 with the intent to make, use, sell, offer for sale, and/or import the generic voclosporin products in or into this judicial district, prior to the expiration of the '036 and '991 patents. On information and belief, Zydus USA directly and/or indirectly through, and/or in concert with Zydus Lifesciences, will engage in marketing, sale, and distribution of the generic voclosporin products in New Jersey upon approval of its Voclosporin ANDA. On information and belief, such generic voclosporin products will be prescribed by physicians practicing in New Jersey, dispensed by pharmacies located within New Jersey, and used by patients in New Jersey. Additionally, on information and belief, Zydus USA directly and/or indirectly through, and/or in concert with Zydus Lifesciences, will offer its generic voclosporin products for sale and place them into the stream of commerce with the awareness, knowledge, and intent that they would be used, offered for sale, and/or sold by others in New Jersey and/or purchased by consumers in New Jersey.

14. On information and belief, Zydus USA has engaged in systematic and continuous business contacts within the State of New Jersey. For instance, on information and belief, Zydus USA maintains a regular and established, physical place of business in the District of New Jersey, at 73 Route 31 N. Pennington, New Jersey 08534. On information and belief, Zydus USA actively contracts with, *inter alia*, Zydus Lifesciences, to operate in New Jersey to develop, manufacture, import, market, distribute, offer for sale, and/or sell generic drugs throughout the United States, including New Jersey.

15. Further, on information and belief, Zydus USA directly and/or indirectly through, and/or in concert with Zydus Lifesciences, has established distribution channels for its generic drug products in New Jersey and derives substantial revenue from the sale of drug products in New Jersey. For instance, on information and belief, Zydus USA is registered with the State of New

Jersey's Division of Revenue and Enterprise Services as a business operating in New Jersey under Business ID No. 0100915422. On information and belief, Zydus USA is registered with the State of New Jersey's Department of Health as a drug wholesaler under Registration No. 5003171.

16. On information and belief, Zydus USA has availed itself of the rights, benefits, and privileges of this Court by asserting counterclaims in at least the following District of New Jersey actions: *AstraZeneca Pharmaceuticals LP et al v. Zydus Pharmaceuticals (USA) Inc. et al*, Civil Action No. 24-10629; *Genentech, Inc. et al v. Natco Pharma Limited et al*, Civil Action No. 24-10567; *AstraZeneca Pharmaceuticals LP et al v. Zydus Pharmaceuticals (USA) Inc. et al*, Civil Action No. 24-10458; *Intra-Cellular Therapies, Inc. v. Zydus Pharmaceuticals (USA) Inc. et al*, Civil Action No. 24-10240; *Astellas Pharma Inc. et al v. Zydus Pharmaceuticals (USA) Inc. et al*, Civil Action No. 24-9748; *Salix Pharmaceuticals, Inc. et al v. Zydus Pharmaceuticals (USA) Inc. et al*, Civil Action No. 24-9512; *Jazz Pharmaceuticals Ireland Limited et al v. Sandoz Inc. et al*, Civil Action No. 24-9110; *American Regent, Inc. v. Zydus Pharmaceuticals (USA) Inc.*, Civil Action No. 24-7812; *AbbVie Inc. et al v. Zydus Pharmaceuticals (USA) Inc. et al*, Civil Action No. 24-4603; *Fresenius Kabi USA, LLC v. Zydus Pharmaceuticals (USA) Inc.*, Civil Action No. 22-1702; *Almirall, LLC v. Zydus Pharmaceuticals (USA) Inc. et al*, Civil Action No. 20-343.

17. On information and belief, Zydus USA has previously been sued in this Judicial District and did not challenge personal jurisdiction. *See e.g.*, *AstraZeneca Pharmaceuticals LP et al v. Zydus Pharmaceuticals (USA) Inc. et al*, Civil Action No. 24-10629; *Genentech, Inc. et al v. Natco Pharma Limited et al*, Civil Action No. 24-10567; *AstraZeneca Pharmaceuticals LP et al v. Zydus Pharmaceuticals (USA) Inc. et al*, Civil Action No. 24-10458; *Intra-Cellular Therapies, Inc. v. Zydus Pharmaceuticals (USA) Inc. et al*, Civil Action No. 24-10240; *Astellas Pharma Inc. et al v. Zydus Pharmaceuticals (USA) Inc. et al*, Civil Action No. 24-9748; *Salix Pharmaceuticals,*

*Inc. et al v. Zydus Pharmaceuticals (USA) Inc. et al*, Civil Action No. 24-9512; *Jazz Pharmaceuticals Ireland Limited et al v. Sandoz Inc. et al*, Civil Action No. 24-9110; *American Regent, Inc. v. Zydus Pharmaceuticals (USA) Inc.*, Civil Action No. 24-7812; *AbbVie Inc. et al v. Zydus Pharmaceuticals (USA) Inc. et al*, Civil Action No. 24-4603; *Fresenius Kabi USA, LLC v. Zydus Pharmaceuticals (USA) Inc.*, Civil Action No. 22-1702; *Almirall, LLC v. Zydus Pharmaceuticals (USA) Inc. et al*, Civil Action No. 20-343.

18. This Court has personal jurisdiction over Zydus Lifesciences.

19. On information and belief, Zydus Lifesciences directly and/or indirectly through, and/or in concert with Zydus USA, has committed an act of infringement in this judicial district by preparing, aiding in the preparation, and/or filing ANDA No. 220141 with the intent to make, use, sell, offer for sale, and/or import the generic voclosporin products in or into this judicial district, prior to the expiration of the '036 and '991 patents. On information and belief, Zydus Lifesciences directly and/or indirectly through, and/or in concert with Zydus USA, will engage in marketing, sale, and distribution of the generic voclosporin products in New Jersey upon approval of its Voclosporin ANDA. On information and belief, such generic voclosporin products will be prescribed by physicians practicing in New Jersey, dispensed by pharmacies located within New Jersey, and used by patients in New Jersey. Additionally, on information and belief, Zydus Lifesciences directly and/or indirectly through, and/or in concert with Zydus USA, will offer its generic voclosporin products for sale and place them into the stream of commerce with the awareness, knowledge, and intent that they would be used, offered for sale, and/or sold by others in New Jersey and/or purchased by consumers in New Jersey.

20. On information and belief, Zydus Lifesciences has engaged in systematic and continuous business contacts within the State of New Jersey. For instance, on information and

belief, Zydus Lifesciences directly and/or indirectly through, and/or in concert with Zydus USA, operates a facility in the District of New Jersey, at 73 Route 31 N. Pennington, New Jersey 08534. On information and belief, Zydus Lifesciences actively contracts with, *inter alia*, Zydus USA, to operate in New Jersey to develop, manufacture, import, market, distribute, offer for sale, and/or sell generic drugs throughout the United States, including New Jersey.

21. Further, on information and belief, Zydus Lifesciences directly and/or indirectly through, and/or in concert with Zydus USA, has established distribution channels for its generic drug products in New Jersey and derives substantial revenue from the sale of drug products in New Jersey. For instance, on information and belief, Zydus USA is registered with the State of New Jersey's Division of Revenue and Enterprise Services as a business operating in New Jersey under Business ID No. 0100915422. On information and belief, Zydus USA is registered with the State of New Jersey's Department of Health as a drug wholesaler under Registration No. 5003171.

22. In the alternative, this Court has jurisdiction over Zydus Lifesciences pursuant to Fed. R. Civ. P. 4(k)(2) because, *inter alia*, (a) Aurinia's claims arise under federal law; (b) Zydus Lifesciences is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) Zydus Lifesciences has substantial contacts with the United States as a whole, including, but not limited to participating in the preparation and submission of the Voclosporin ANDA and/or manufacturing, importing, offering for sale, and selling pharmaceutical products distributed throughout the United States, such that this Court's exercise of jurisdiction over Zydus Lifesciences satisfies due process.

23. On information and belief, Zydus Lifesciences has availed itself of the rights, benefits, and privileges of this Court by asserting counterclaims in at least the following District of New Jersey actions: *AstraZeneca Pharmaceuticals LP et al v. Zydus Pharmaceuticals (USA)*

*Inc. et al*, Civil Action No. 24-10629; *Genentech, Inc. et al v. Natco Pharma Limited et al*, Civil Action No. 24-10567; *AstraZeneca Pharmaceuticals LP et al v. Zydus Pharmaceuticals (USA) Inc. et al*, Civil Action No. 24-10458; *Intra-Cellular Therapies, Inc. v. Zydus Pharmaceuticals (USA) Inc. et al*, Civil Action No. 24-10240; *Astellas Pharma Inc. et al v. Zydus Pharmaceuticals (USA) Inc. et al*, Civil Action No. 24-9748; *Salix Pharmaceuticals, Inc. et al v. Zydus Pharmaceuticals (USA) Inc. et al*, Civil Action No. 24-9512; *Jazz Pharmaceuticals Ireland Limited et al v. Sandoz Inc. et al*, Civil Action No. 24-9110; *AbbVie Inc. et al v. Zydus Pharmaceuticals (USA) Inc. et al*, Civil Action No. 24-4603.

24. On information and belief, Zydus Lifesciences has previously been sued in this Judicial District and did not challenge personal jurisdiction. *See e.g.*, *AstraZeneca Pharmaceuticals LP et al v. Zydus Pharmaceuticals (USA) Inc. et al*, Civil Action No. 24-10629; *Genentech, Inc. et al v. Natco Pharma Limited et al*, Civil Action No. 24-10567; *AstraZeneca Pharmaceuticals LP et al v. Zydus Pharmaceuticals (USA) Inc. et al*, Civil Action No. 24-10458; *Intra-Cellular Therapies, Inc. v. Zydus Pharmaceuticals (USA) Inc. et al*, Civil Action No. 24-10240; *Astellas Pharma Inc. et al v. Zydus Pharmaceuticals (USA) Inc. et al*, Civil Action No. 24-9748; *Salix Pharmaceuticals, Inc. et al v. Zydus Pharmaceuticals (USA) Inc. et al*, Civil Action No. 24-9512; *Jazz Pharmaceuticals Ireland Limited et al v. Sandoz Inc. et al*, Civil Action No. 24-9110; *AbbVie Inc. et al v. Zydus Pharmaceuticals (USA) Inc. et al*, Civil Action No. 24-4603.

25. On information and belief, venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and (d), and 1400(b).

26. On information and belief, venue is proper against Zydus USA in this judicial district because, *inter alia*, it maintains a regular and established place of business in this judicial district and has committed an act of infringement in this judicial district.

27. Venue is proper in the District of New Jersey for Zydus Lifesciences because it is an Indian corporation not resident in the United States, and thus venue is proper in any judicial district that has personal jurisdiction, including the District of New Jersey.

28. Zydus did not contest venue in this judicial district in at least the following actions: *AstraZeneca Pharmaceuticals LP et al v. Zydus Pharmaceuticals (USA) Inc. et al*, Civil Action No. 24-10629; *Genentech, Inc. et al v. Natco Pharma Limited et al*, Civil Action No. 24-10567; *AstraZeneca Pharmaceuticals LP et al v. Zydus Pharmaceuticals (USA) Inc. et al*, Civil Action No. 24-10458; *Intra-Cellular Therapies, Inc. v. Zydus Pharmaceuticals (USA) Inc. et al*, Civil Action No. 24-10240; *Astellas Pharma Inc. et al v. Zydus Pharmaceuticals (USA) Inc. et al*, Civil Action No. 24-9748; *Salix Pharmaceuticals, Inc. et al v. Zydus Pharmaceuticals (USA) Inc. et al*, Civil Action No. 24-9512; *Jazz Pharmaceuticals Ireland Limited et al v. Sandoz Inc. et al*, Civil Action No. 24-9110; *AbbVie Inc. et al v. Zydus Pharmaceuticals (USA) Inc. et al*, Civil Action No. 24-4603;.

**PATENTS-IN-SUIT**

29. On May 14, 2019, the U.S. Patent and Trademark Office duly and legally issued the '036 patent, titled "Protocol for the Treatment of Lupus Nephritis." A true and correct copy of the '036 patent is attached hereto as **Exhibit 1**. The claims of the '036 patent are valid and enforceable. Aurinia is the owner of the '036 patent by assignment and has the right to enforce it.

30. On April 11, 2023, the U.S. Patent and Trademark Office duly and legally issued the '991 patent, titled "Protocol for the Treatment of Lupus Nephritis." A true and correct copy of the '991 patent is attached hereto as **Exhibit 2**. The claims of the '991 patent are valid and enforceable. Aurinia is the owner of the '991 patent by assignment and has the right to enforce it.

31. Aurinia is the holder of NDA No. 213716 for LUPKYNIS®, voclosporin capsules for the treatment of lupus nephritis. The FDA approved NDA No. 213716 on January 22, 2021.

The FDA's official publication of approved drugs, the Orange Book, lists, *inter alia*, the '036 and '991 patents for NDA. No. 213716. Aurinia markets voclosporin tablets in the United States under the trade name "LUPKYNIS®" through its subsidiary Aurinia Pharma U.S., Inc.

## ZYDUS' INFRINGING ACTIVITIES

32. Each of the preceding paragraphs 1–31 is re-alleged and re-incorporated as if fully set forth herein.

33. By letter dated March 7, 2025, addressed to Aurinia ("Notice Letter"), Zydus notified Aurinia that Zydus had submitted its Voclosporin ANDA to the FDA under Section 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)).

34. The Notice Letter states that Zydus is seeking approval from the FDA to engage in the commercial manufacture, use, and sale of generic voclosporin products before the expiration of the '036 and '991 patents. On information and belief, the Voclosporin ANDA seeks approval of Zydus' generic voclosporin products that are the same, or substantially the same, as Aurinia's LUPKYNIS®.

35. On information and belief, Zydus, through its own actions and/or the actions of its agents, affiliates, and subsidiaries, intends to engage in the importation, commercial manufacture, offer for sale, and sale of generic voclosporin products after receiving FDA approval to do so.

36. On information and belief, if the FDA approves Zydus' Voclosporin ANDA, Zydus, through its own actions and through the actions of its agents, affiliates, and subsidiaries, will actively induce or contribute to the manufacture, use, offer for sale, sale, or importation of generic voclosporin products in or into the United States.

37. In the Notice Letter, Zydus notified Aurinia that its Voclosporin ANDA contained a "Paragraph IV certification" asserting that the '036 and '991 patents are invalid, unenforceable,

10

and/or will not be infringed by the commercial manufacture, use, and sale of Zydus' generic voclosporin product.

38. Upon information and belief, Zydus' actions related to the Voclosporin ANDA complained of herein were done at the direction of, with the authorization of, or with the cooperation, the participation, the assistance of, or at least in part for the benefit of Zydus USA, and Zydus Lifesciences.

39. This Complaint is being filed before the expiration of the forty-five days from the date Aurinia received the Notice Letter.

## COUNT I
## INFRINGEMENT OF THE '036 PATENT

40. Each of the preceding paragraphs 1–39 is re-alleged and re-incorporated as if fully set forth herein.

41. Zydus' submission of its Voclosporin ANDA with a Paragraph IV certification against the '036 patent to obtain approval to engage in the commercial manufacture, use, offer for sale, or sale of generic voclosporin products prior to the expiration of the '036 patent constituted an act of infringement under 35 U.S.C. § 271(e)(2)(A).

42. On information and belief, Zydus filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) and 21 C.F.R. § 314.94(a)(12)(i)(A)(4), a certification alleging that the claims of the '036 patent are purportedly invalid, unenforceable, and/or will not be infringed.

43. On information and belief, Zydus had actual knowledge of the '036 patent at least since its filing of its Voclosporin ANDA and at least since March 7, 2025, the date the Notice Letter was sent to Aurinia.

44. On information and belief, Zydus concedes infringement of at least one claim of the '036 patent because Zydus' Notice Letter did not provide any specific non-infringement allegations.

45. On information and belief, Zydus' generic voclosporin products will, if approved and marketed, infringe at least one claim of the '036 patent.

46. On information and belief, Zydus knows, should know, and intends that physicians will prescribe, and patients will take, Zydus' generic voclosporin products for which approval is sought in its Voclosporin ANDA and therefore, will infringe at least one claim in the '036 patent.

47. On information and belief, Zydus has knowledge of the '036 patent and, by its proposed package insert for Zydus' generic voclosporin products, knows or should know that it will induce direct infringement of at least one claim of the '036 patent, either literally or under the doctrine of equivalents.

48. On information and belief, Zydus has knowledge that its proposed package insert will recommend, suggest, encourage, and/or instruct others how to engage in an infringing use because healthcare professionals and/or patients will use Zydus' generic voclosporin products according to the instructions in the proposed package insert in a way that directly infringes at least one claim of the '036 patent.

49. On information and belief, Zydus has had and continues to have knowledge that its generic voclosporin products constitute a material part of the invention and is especially adapted for a use that infringes at least one claim of the '036 patent.

50. On information and belief, Zydus has had and continues to have knowledge that Zydus's generic voclosporin products are not a staple article or commodity of commerce suitable for substantial non-infringing use for at least one claim of the '036 patent.

51. On information and belief, upon FDA approval of Zydus' Voclosporin ANDA, Zydus will further infringe, literally or under the doctrine of equivalents, at least one claim of the '036 patent directly under 35 U.S.C. § 271(a), by inducement under 35 U.S.C. § 271(b), contributorily under 35 U.S.C. § 271(c), and/or under 35 U.S.C. § 271(g) by making, using, offering to sell, marketing, and selling its generic voclosporin products in the United States and/or importing such products into the United States, unless enjoined by this Court.

52. If Zydus' manufacture, marketing, and sale of generic voclosporin products prior to expiration of the '036 patent and all other relevant exclusivities is not enjoined, Aurinia will suffer substantial and irreparable harm for which there is no remedy at law.

## COUNT II
## INFRINGEMENT OF THE '991 PATENT

53. Each of the preceding paragraphs 1–52 is re-alleged and re-incorporated as if fully set forth herein.

54. Zydus' submission of its Voclosporin ANDA with a Paragraph IV certification against the '991 patent to obtain approval to engage in the commercial manufacture, use, offer for sale, or sale of generic voclosporin products prior to the expiration of the '991 patent constituted an act of infringement under 35 U.S.C. § 271(e)(2)(A).

55. On information and belief, Zydus filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) and 21 C.F.R. § 314.94(a)(12)(i)(A)(4), a certification alleging that the claims of the '991 patent are purportedly invalid, unenforceable, and/or will not be infringed.

56. On information and belief, Zydus had actual knowledge of the '991 patent at least since its filing of its Voclosporin ANDA and at least since March 7, 2025, the date the Notice Letter was sent to Aurinia.

57. On information and belief, Zydus concedes infringement of at least one claim of the '991 patent because Zydus' Notice Letter did not provide any specific non-infringement allegations.

58. Upon information and belief, Zydus' generic voclosporin products will, if approved and marketed, infringe at least one claim of the '991 patent.

59. On information and belief, Zydus knows, should know, and intends that physicians will prescribe, and patients will take, Zydus' generic voclosporin products for which approval is sought in its Voclosporin ANDA and therefore, will infringe at least one claim in the '991 patent.

60. On information and belief, Zydus has knowledge of the '991 patent and, by its proposed package insert for Zydus' generic voclosporin products, knows or should know that it will induce direct infringement of at least one claim of the '991 patent, either literally or under the doctrine of equivalents.

61. On information and belief, Zydus has knowledge that its proposed package insert will recommend, suggest, encourage, and/or instruct others how to engage in an infringing use because healthcare professionals and/or patients will use Zydus' generic voclosporin products according to the instructions in the proposed package insert in a way that directly infringes at least one claim of the '991 patent.

62. On information and belief, Zydus has had and continues to have knowledge that its generic voclosporin products constitute a material part of the invention and is especially adapted for a use that infringes at least one claim of the '991 patent.

63. On information and belief, Zydus has had and continues to have knowledge that Zydus's generic voclosporin products are not a staple article or commodity of commerce suitable for substantial non-infringing use for at least one claim of the '991 patent.

64. On information and belief, upon FDA approval of Zydus' Voclosporin ANDA, Zydus will further infringe, literally or under the doctrine of equivalents, at least one claim of the '991 patent directly under 35 U.S.C. § 271(a), by inducement under 35 U.S.C. § 271(b), contributorily under 35 U.S.C. § 271(c), and/or under 35 U.S.C. § 271(g) by making, using, offering to sell, marketing, and selling its generic voclosporin products in the United States and/or importing such products into the United States, unless enjoined by this Court.

65. If Zydus' marketing and sale of generic voclosporin products prior to expiration of the '991 patent and all other relevant exclusivities is not enjoined, Aurinia will suffer substantial and irreparable harm for which there is no remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Aurinia respectfully requests that this Court enter judgment in its favor and against Zydus and grant the following relief:

A. A judgment that the claims of the '036 and '991 patents are not invalid, not unenforceable, and are infringed by Zydus' submission of its Voclosporin ANDA, and that Zydus' making, using, offering to sell, or selling in the United States, or importing into the United States Zydus' generic voclosporin products will infringe the claims of the '036 and '991 patents.

B. An order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any approval of Zydus' Voclosporin ANDA shall be a date which is not earlier than the latest expiration date of the '036 and '991 patents, including any extensions and/or additional periods of exclusivity to which Aurinia is or becomes entitled.

C. An order permanently enjoining Zydus, its affiliates, subsidiaries, and each of its officers, agents, servants and employees, and those acting in privity or concert with them, from making, using, offering to sell, or selling in the United States, or importing into the United States Zydus' generic voclosporin products until after the latest expiration date of the '036 and '991

patents, including any extensions and/or additional periods of exclusivity to which Aurinia is or becomes entitled.

  D. Damages or other monetary relief to Aurinia if Zydus engages in commercial manufacture, use, offers to sell, sale, or importation in or into the United States of Zydus' generic voclosporin products prior to the latest expiration date of the '036 and '991 patents, including any extensions and/or additional periods of exclusivity to which Aurinia is or becomes entitled.

  E. Such further and other relief as this Court deems proper and just, including any appropriate relief under 35 U.S.C. § 285.

Dated: April 21, 2025
Newark, New Jersey

Respectfully submitted,

s/ William P. Deni, Jr.
William P. Deni, Jr.
J. Brugh Lower
Justin Meckler Silverberg
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102
(973) 596-4500
wdeni@gibbonslaw.com
jlower@gibbonslaw.com

OF COUNSEL:

Mark J. Feldstein (*pro hac vice* to be submitted)
Danielle A. Duszczyszyn (*pro hac vice* to be submitted)
Emily R. Gabranski (*pro hac vice* to be submitted)
C. Collette Corser (*pro hac vice* to be submitted)
Ryan V. McDonnell (*pro hac vice* to be submitted)
Emma L. Capitanelli (*pro hac vice* to be submitted)
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
901 New York Ave., N.W.
Washington, DC 20001
(202) 408-4000

*Attorneys for Plaintiff*
*Aurinia Pharmaceuticals Inc.*

17